LAW OFFICE OF
# JUSTIN A. ZELLER, P.C.

JUSTIN A. ZELLER
JAZELLER@ZELLERLEGAL.COM

BRANDON D. SHERR
BSHERR@ZELLERLEGAL.COM

JOHN M. GURRIERI
JMGURRIERI@ZELLERLEGAL.COM

TELEPHONE: 212.229.2249
FACSIMILE: 212.229.2246

December 11, 2015

**VIA ECF**

Hon. Sarah Netburn, United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse

Re: *Ie et al v. Ageha Japanese Fusion, Inc. et al*, 15 CV 63 (JGK) (SN)

Dear Judge Netburn:

  This law firm represents the plaintiff in the above-referenced action. The plaintiff hereby requests a conference pursuant to Local Civil Rule 37.2 in anticipation of moving to compel pursuant to Rule 37 of the Federal Rules of Civil Procedure, concerning the defendants' failure to respond to the plaintiff's discovery demands.

  On October 27, 2015, the plaintiff served Requests for Admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure, Request for Production of Documents pursuant to Rule 34, and Interrogatories pursuant to Rule 33 upon the defendants by first class mail. The time for the defendants to answer these requests was November 30, 2015. The defendants emailed answers to the discovery demands on December 8, 2015. In attempt to correct certain conferred-upon deficiencies, the defendants emailed another version of the responses on December 11, 2015; they are enclosed. The plaintiff has also enclosed the plaintiff's requests.

  The defendants inadequately responded to some of the plaintiff's requests for documents. In the plaintiff's third document demand, the plaintiff requested personnel files of the plaintiffs. In response, the defendants objected and also referenced previously provided pay records. These pay records are not a satisfactory answer to this request as they are not personnel files with necessary information such as addresses and phone numbers but simply records of amount paid per employee. Information regarding other employees' names and addresses is important in order to contact and identify witnesses. Similarly important is the information requested in request number five which requests record keeping guidelines and directives given to managerial personnel regarding hours worked by the employees and the practices of the defendants with respect to payment of overtime. Instead of providing any documents or denying their existence, the defendants referenced the same previously provided pay records which only provide information as to total amount paid during particular time periods for particular employees. A sample of one of these pay records is enclosed hereto. If the defendants do not have documents pursuant to these requests, then the plaintiff is entitled to an answer specifically saying so. Finally, the defendants did not provide tax returns pursuant to the plaintiff's thirteenth request for production of

documents. These tax returns will be important to establish enterprise coverage under the Fair Labor Standards Act.

      The defendants inadequately responded to some interrogatories as well. The defendants did not properly answer interrogatory number fourteen because they did not properly identify prior employees with full names, phone numbers, and addresses. Instead, the defendants simply referenced previously provided pay records that do not contain addresses and phone numbers, and thus, the defendants did not properly "identify" employees. Again, identifying these employees for use as witnesses will be important for allowing the plaintiff to prove her case. If the defendants are incapable of identifying employees, then the plaintiff requests the defendants, under the oath of a verification accompanying the interrogatories, respond that they are incapable of identifying any of their employees. The defendants have not provided verifications of the interrogatory responses, and the plaintiff requests these as well.

      The parties have conferred over these issues and have not been able to resolve them.

      The plaintiff thanks the Court for its time and consideration.

                                      Respectfully submitted,

                                      John M. Gurrieri

Enclosures (5)