LAW OFFICES OF
# Vincent S. Wong
*Attorneys at Law*

**Please Respond To:**
☐ 39 East Broadway, Suite 304
   New York, NY 10002
☑ 6008 8th Avenue, 2nd Floor
   Brooklyn, NY 11220

Phone: 718.234.8200
Phone: 718.833.1820
Fax: 718.833.1968
♦♦♦
vswlaw@gmail.com
www.vswlaw.com

December 15, 2015

**VIA ECF**
HON. SARAH NETBURN
U.S. DISTRICT COURT, SDNY
THURGOOD MARSHALL COURTHOUSE
40 FOLEY SQUARE, COURTROOM 219
NEW YORK, NY 10007

      Re:    **Ie et al v. Ageha Japanese Fusion, Inc. et al.**
              **Case No. 1:15-cv-00063-JGK**
              <u>**Response to Plaintiff's December 11, 2015 Letter**</u>

Dear Judge Netburn:

      We represent the Defendants in the above-referenced action. Defendants write to the Court to reply to Plaintiff's letter dated December 11, 2015 regarding supposed discovery deficiencies.

      Plaintiff first complains that the Plaintiff did not receive personal files for "plaintiffs". There is only one plaintiff in this case. Defendants produced ALL relevant files that Defendants had in its possession for all its employees, not just Plaintiff, in the relevant time period. Plaintiff complains that these documents are not sufficient for its purposes, but Defendants can not produce documents that do not exit. Defendants have produced all documents which were in its possession, the fact that they do not show what Plaintiff wants does not change the documents Defendants have.

      Plaintiff next complains of deficiencies in the documents produced in response to its fifth demand. Again Defendants have produced all responsive documents in its possession. While Plaintiff again argues that these documents are not sufficient, they are all the Defendants have, further these records are sufficient as many of them do contain information about hours worked and payment for such time, like the sample attached to this letter as <u>Exhibit 1.</u>

      Finally, Plaintiff complains about a lack of production of tax documents, however as told to Plaintiff's counsel multiple times both verbally and in writing, see email attached as <u>Exhibit 2</u>, Defendants are not asserting that they made less than $500,000 gross sales annually, so tax records are not relevant. The only element of enterprise coverage tax documents could go to are the $500,000 issue, and Defendants are not asserting that they made less, so there should be no issue here.

      As to interrogatory 14, Plaintiff's first made Defendants aware of this supposed deficiency on December 10, 2015, less than 24 hours before Plaintiff's wrote this letter. As was told to Plaintiff's counsel on the phone and in email (see Exhibit 2) we will forward all contact information for employees that Defendants can find, but there were no formal records other than what was produced.

      Further, the production of such information is certainly not relevant and does not go towards proving Plaintiff's case, as Defendants are no longer asserting that Plaintiff did not work there, since they were able to identify her and find her records. The only facts currently in dispute are the hours worked and the monies paid to Plaintiff (of which Defendants did produce records for), something which other employees would not have personal knowledge about based upon Plaintiff's own testimony at depositions about not talking to other employees about her salary (according to Plaintiff, Plaintiff was never told what her salary would be or talked to Defendants or anyone about her salary or what it would be either the 2 times she was hired to work there or the entire time she was employed there).

      We thank Your Honor for your time and consideration in this matter.

      Respectfully submitted,

LAW OFFICES OF VINCENT S. WONG

/s/ *Michael Brand*_____
Michael Brand, Esq. (MB3303)
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
P: 212-349-6099
F: 212-349-6599

cc: John Gurrieri, Esq. (via ECF)