| | |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | |
| FORTUNATA LIANA IE, individually and in behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>–against–<br><br>AGEHA JAPANESE FUSION, INC., ZHONG HONG BAO, and CHUN YONG CHEN, jointly and severally,<br><br>Defendants. | 15 CV 63 (JGK) (SN) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

I.   Introduction and Summary Judgment Standard ................................................................. 3

II.  Defendants Joint Employers of Plaintiff ............................................................................ 4

III. Defendants Failed to Pay Plaintiff Minimum Wage .......................................................... 6

IV.  Defendants Failed to Pay Plaintiff Spread of Hours Wages .............................................. 9

V.   Defendants Violated Wage Theft Prevention Act and Plaintiff Entitled to Statutory Damages ........................................................................................................................... 10

VI.  Provision for Automatic Increase of Judgment ................................................................ 11

VII. Conclusion ........................................................................................................................ 11

**TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................................. 4

*Bonnette v. Cal. Health and Welfare Agency*, 704 F.2d 1465 (9th Cir. 1983) ................................ 5

*Brock v. Superior Care, Inc.*, 840 F.2d 1054 (2d Cir. 1988) ........................................................ 6

*Cao v. Wu. Liang Ye Lexington Rest., Inc.*, No. 08 CV 3725, 2010 U.S. Dist. LEXIS 109373, 2010 WL 4159391 (S.D.N.Y. Sept. 30, 2010) ............................................................................. 7, 8

*Carter v. Dutchess Cmty. Coll.,* 735 F.2d 8 (2d Cir.1984) ............................................................. 5

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) ............................................................................... 4

*Chung v. New Silver Palace Rest., Inc.*, 246 F. Supp. 2d 220 (S.D.N.Y. 2002) ............................. 7

*Dickerson v. Napolitano,* 604 F.3d 732 (2d Cir. 2010) ................................................................. 4

*Fermin v. Las Delicias Peruanas Rest., Inc.*, No. 14 CV 559, 2015 U.S. Dist. LEXIS 34457 (E.D.N.Y. Feb. 27, 2015), *adopted by* 2015 U.S. Dist. LEXIS 34365 (E.D.N.Y. Mar. 19, 2015) ................................................................................................................................ 7, 8

*Gonzalez v. Jane Roe Inc.*, No. 10 CV 1000, 2014 U.S. Dist. LEXIS 117194 (E.D.N.Y. July 24, 2014), *adopted by* 2014 U.S. Dist. LEXIS 116171 (E.D.N.Y. Aug. 19, 2014) ................... 7, 8

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999) ...................................................... 5

*In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76 (2d Cir. 2008) ........................................... 4

*Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013) ................................................................ 5, 6

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3 .......................................................................... 8

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2 .......................................................................... 8

*Padilla v. Manlapaz*, 643 F. Supp. 2d 302 (E.D.N.Y. 2009) .................................................... 8, 9

*Tudor v. Comm'r of Labor*, No. PR 10-050, slip op. (N.Y. Indus. Bd. of Appeals Dec. 14, 2012) .. 9

**Statutes**

29 U.S.C. § 203(m) ........................................................................................................................ 7

29 U.S.C. § 206 .............................................................................................................................. 6

29 U.S.C. § 206(a)(1) .................................................................................................................... 6

29 U.S.C. § 218(a) ......................................................................................................................... 6

N.Y. Lab. Law § 195(1) ............................................................................................................... 10

N.Y. Lab. Law § 195(3) ........................................................................................................... 8, 10

N.Y. Lab. Law § 198(1-b) (amended 2014) ................................................................................ 10

N.Y. Lab. Law § 198(1-d) (amended 2014) ................................................................................ 10

N.Y. Lab. Law § 198(4) ............................................................................................................. 11

N.Y. Lab. Law § 652(1) ............................................................................................................. 6

N.Y. Lab. Law § 663(4) ............................................................................................................. 11

**Rules**

29 C.F.R. § 531.59 ..................................................................................................................... 8

29 C.F.R. § 531.59(b) ................................................................................................................ 9

29 C.F.R. § 791.2(a) ............................................................................................................. 4, 5

29 C.F.R. § 791.2(b) ................................................................................................................. 5

Fed. R. Civ. P. 56(a) ................................................................................................................ 4

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2 ..................................................................... 6

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 ..................................................................... 9

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3 ............................................................. 8, 9, 10

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.3(d) ................................................................. 9

## I.  INTRODUCTION AND SUMMARY JUDGMENT STANDARD

The plaintiff cross-moves for partial summary judgment for the plaintiff and against the defendants.

This is an action primarily for damages from the failure of the defendants, referred to hereinafter collectively as Ageha, to pay the plaintiff, Ms. Ie, the minimum wage in violation of the Fair Labor Standards Act and the Minimum Wage Act.

Although the amount of the actual damages to which Ms. Ie is entitled is disputed, there is no genuine dispute as to much of the defendants' liability. The plaintiff therefore moves for partial summary judgment as to the defendants' liability as set forth in this motion, in expectation of a trial to determine the remaining issues and damages. Also, the defendants' liability as to their

violations of Section 195(1)–(3) of the New York Labor Law entitle the plaintiff to statutory damages and, because there is no material dispute as to the amount of those damages, the plaintiff is entitled to the entry of judgment for those damages.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In making that determination, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." *Dickerson v. Napolitano,* 604 F.3d 732, 740 (2d Cir. 2010); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 87 (2d Cir. 2008).

## II. DEFENDANTS JOINT EMPLOYERS OF PLAINTIFF

There is no genuine issue as to any material fact and the plaintiff is entitled to judgment as a matter of law that the defendants are joint employers of the plaintiff. "A single individual may stand in the relation of an employee to two or more employers at the same time under the Fair Labor Standards Act of 1938…." 29 C.F.R. § 791.2(a).

> Where the employee performs work which simultaneously benefits two or more employers…, a joint employment relationship generally will be considered to exist in situations such as:
>
> ….
>
> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
>
> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of

4

>the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

*Id.* § 791.2(b) (footnotes omitted).

>[I]f the facts establish that the employee is employed jointly by two or more employers…, all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act. In this event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions….

*Id.* § 791.2(a) (footnote omitted).

The Second Circuit applies an economic reality test to determine if an employment relationship exists. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013). The "'economic reality' test encompasses the totality of circumstances." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). Although no single factor is dispositive of the inquiry, the court will consider whether the alleged employer "'(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (quoting *Bonnette v. Cal. Health and Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)). "'[T]he remedial nature of the [Fair Labor Standards Act] … warrants an expansive interpretation of its provisions so that they will have 'the widest possible impact'…." *Irizarry*, 722 F.3d at 110 (quoting *RSR Sec. Servs. Ltd.*, 172 F.3d at 139) (first omission in original).

"Ownership, or a stake in a company, is insufficient to establish that an individual is an 'employer….'" *Id.* at 111. Rather, courts must consider whether an individual exercises operational

control over the plaintiffs' employment. "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Id.* at 110. However, "[a]n employer does not need to look over his workers' shoulders every day in order to exercise control." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1060 (2d Cir. 1988).

The defendant Mr. Chen is a 50% owner of the defendant Ageha Japanese Fusion, Inc. *See* Chen Dep. 6:9–11, 9:20–21. Since 2012, Mr. Chen, has been instructing employees, setting their wages, setting their schedules, has had the power to hire and fire employees, and has maintained records of pay and schedules. *See id.* at 8:14–25, 9:1–8. Accordingly, there is no material dispute that Mr. Chen and Ageha Japanese Fusion, Inc., are joint employers and are each jointly and severally liable.

### III. DEFENDANTS FAILED TO PAY PLAINTIFF MINIMUM WAGE

An employer subject to the Fair Labor Standards Act is required to pay its employees at least the federal minimum wage for every hour worked. 29 U.S.C. § 206. The New York Minimum Wage Act also prescribes a minimum wage. N.Y. Lab. Law § 652(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2(a). If the state minimum wage exceeds the federal minimum wage, the employer must pay at least the state minimum wage for every hour worked. 29 U.S.C. § 218(a). During the time concerned in this action, the federal and New York minimum wage rates were the same, $7.25 per hour, until December 30, 2013, when the New York minimum wage rate increased to $8.00 per hour. *Compare id.* § 206(a)(1) *with* N.Y. Lab. Law § 652(1) *and* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2(a).

An employer may take a tip credit against the minimum wage for certain employees who receive tips from their employer's customers. 29 U.S.C. § 203(m); N.Y. Lab. Law § 652(4); N.Y.

Comp. Codes R. & Regs. tit. 12, § 146-1.3. The tip credit may not exceed the tips actually received by the employee. 29 U.S.C. § 203(m); N.Y. Lab. Law § 652(4); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3. However, the tip credit is subject to requirements that must be "strictly construed, and must be satisfied even if the employee received tips at least equivalent to the minimum wage." *Chung v. New Silver Palace Rest., Inc.*, 246 F. Supp. 2d 220, 229 (S.D.N.Y. 2002).

For an employer to take the tip credit, the Fair Labor Standards Act requires "employer explanation to employees of the tip credit provisions." Updating Regulations Issued under the Fair Labor Standards Act, 76 Fed. Reg. 18,832, 18,843 (Apr. 5, 2011) (quoting S. Rep. No. 93-690, at 40 (1974)); *accord* 29 U.S.C. § 203(m) ("The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection…."). "[T]he employer must first notify the employees of its intention to include tip income when calculating wages actually paid for minimum wage purposes." *Gonzalez v. Jane Roe Inc.*, No. 10 CV 1000, 2014 U.S. Dist. LEXIS 117194, at *8 n.4 (E.D.N.Y. July 24, 2014) (quoting *Cao v. Wu. Liang Ye Lexington Rest., Inc.*, No. 08 CV 3725, 2010 U.S. Dist. LEXIS 109373, at *5–6, 2010 WL 4159391, at *2 (S.D.N.Y. Sept. 30, 2010)), *adopted by* 2014 U.S. Dist. LEXIS 116171 (E.D.N.Y. Aug. 19, 2014); *see Fermin v. Las Delicias Peruanas Rest., Inc.*, No. 14 CV 559, 2015 U.S. Dist. LEXIS 34457, at *39–40 (E.D.N.Y. Feb. 27, 2015), *adopted by* 2015 U.S. Dist. LEXIS 34365 (E.D.N.Y. Mar. 19, 2015).

> Pursuant to section 3(m), an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: The amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit

> claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

29 C.F.R. § 531.59; *see* U.S. Dep't of Labor, Wage & Hour Div., Fact Sheet #15, Tipped Employees under the Fair Labor Standards Act (FLSA) (2013).

Under the Minimum Wage Act, too, an employer "may take a credit towards the basic minimum hourly rate if a service employee or food service worker received enough tips and if the employee has been notified of the tip credit." *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3, *see also Fermin*, 2015 U.S. Dist. LEXIS 34457, at *39–40; *Gonzalez*, 2014 U.S. Dist. LEXIS 117194, at *8 n.4 (citing *Cao*, 2010 U.S. Dist. LEXIS 109373, at *6, 2010 WL 4159391, at *2). The employer must give the employee a written notice at the start of employment and with any change in its information that must include, among other information, the tip credit (also called the tip allowance) claimed as part of the minimum wage. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2. "The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate."*Id.* The employer also must furnish to the employee a statement with every payment of wages that must include the tip credit actually claimed as part of the minimum wage for that workweek. *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 309–10 (E.D.N.Y. 2009); N.Y. Lab. Law § 195(3); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3. The employer has the burden of proving it has obeyed the law. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3.

To establish that the employer is entitled to take the tip credit as to an employee, it is the employer's burden of proof to "demonstrate that the employee received at least that amount in actual tips." 29 C.F.R. § 531.59(b); *see* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.3(d). The Minimum Wage Act requires employers to keep for six years weekly payroll records showing tip credits claimed as part of the minimum wage. *Padilla*, 643 F. Supp. 2d at 310. If an employer fails to keep records of tips, the employer cannot take the tip credit. *See id.*; *Tudor v. Comm'r of Labor*, No. PR 10-050, slip op. at 9 (N.Y. Indus. Bd. of Appeals Dec. 14, 2012).

Ageha is not entitled to the tip credit because Ageha did not provide proper notice. Ageha never gave Ms. Ie any written notice concerning her wages. *See* Chen Dep. 23:6–11, 25:15–17, 33:17–23. Ageha's oral communication to Ms. Ie is also insufficient as proper notice because it failed to explain the tip credit as required. *See id.* at 33:24–34:8. Furthermore, Ageha also failed to keep a record of Ms. Ie's tips, *see id.* at 24:3–8, and cannot meet their burden of proving that the tips Ms. Ie received were sufficient to entitle Ageha to take the tip credit. Accordingly, the defendants are not entitled to take the tip credit toward the minimum wage.

## IV. DEFENDANTS FAILED TO PAY PLAINTIFF SPREAD OF HOURS WAGES

An employer is required to pay an employee who works a spread of hours in excess of ten an additional hour at the minimum wage rate. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6. The defendants failed to pay the plaintiff spread-of-hours wages, even though the plaintiff did sometimes work a spread of hours greater than ten in one day. *See* Chen Dep. 18:22–25, 19:2–10. Accordingly, the plaintiff is entitled to partial summary judgment that the defendants violated the Minimum Wage Act by failing to pay the plaintiff spread-of-hours wages.

**V.     DEFENDANTS VIOLATED WAGE THEFT PREVENTION ACT AND PLAINTIFF ENTITLED TO STATUTORY DAMAGES**

An employer is required to furnish to an employee at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law. N.Y. Lab. Law § 195(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2. For a violation, the employee is entitled to recover from the employer statutory damages of $50.00 per workweek that the violation occurred. N.Y. Lab. Law § 198(1-b) (amended 2014).

An employer is required to furnish an employee with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. N.Y. Lab. Law § 195(3); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3. For a violation the employee is entitled to recover from the employer statutory damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00. N.Y. Lab. Law § 198(1-d) (amended 2014).

Ageha admits that it never gave Ms. Ie a notice and acknowledgment, *see* Chen Dep. 23:9–1, and never gave Ms. Ie a statement with each payment of wages, *see id. at* 23:12–15. It is undisputed that Ms. Ie worked a sufficient length of time to be entitled to the maximum statutory

10

damages for these violations. *See* Chen Dep. 16:6–16. Therefore, the plaintiff is entitled to statutory damages in the maximum amount of $5,000.00.

## VI. PROVISION FOR AUTOMATIC INCREASE OF JUDGMENT

The New York Labor Law provides that "any judgment or court order awarding remedies under this section [sections 198 and 663, as does the judgment applied for herein] shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." N.Y. Lab. Law §§ 198(4), 663(4). It further provides that costs and attorneys' fees incurred in enforcement of a judgment shall be awarded to the plaintiff. *Id.*

## VII. CONCLUSION

Wherefore, the plaintiff prays the Court grant the plaintiff's motion for partial summary judgment and rule that the defendant Mr. Chen is liable as a joint employer under the Fair Labor Standards Act and Minimum Wage Act, that the defendants violated the Minimum Wage Act by failing to pay the plaintiff spread-of-hours wages, that the defendants are ineligible to take the tip credit under the Fair Labor Standards Act and Minimum Wage Act, and that the defendants violated Section 195(1)–(3) of the New York Labor Law, and enter judgment for the plaintiff and against the defendants for $5.000.00 plus postjudgment interest.

|  |  |
|---|---|
|  | LAW OFFICE OF JUSTIN A. ZELLER, P.C. |
|  | By:_____ |
|  | John M. Gurrieri |
|  | jmgurrieri@zellerlegal.com |
|  | Brandon D. Sherr |
|  | bsherr@zellerlegal.com |
|  | Justin A. Zeller |
|  | jazeller@zellerlegal.com |
|  | 277 Broadway, Suite 408 |
|  | New York, N.Y. 10007-2036 |
|  | Telephone: (212) 229-2249 |
| Dated: New York, New York | Facsimile: (212) 229-2246 |
| January 29, 2016 | **ATTORNEYS FOR PLAINTIFF** |