UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
FORTUNA LIANA IE, individually and in behalf of all other persons similarly situated      Docket No: 15-CV-00063

          Plaintiffs,

     -against-

AGEHA JAPANESE FUSION, INC., ZHONG HONG BAO, CHUN YONG CHEN, jointly and severally

          Defendants.
-------------------------------------------------------------------x


# MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANTS
# MOTION FOR SUMMARY JUDGMENT


Dated: New York, NY
    January 29, 2016

             */s/ Vincent S Wong*
             Vincent S. Wong, Esq. (VW9016)
             Law Offices of Vincent S. Wong
             39 East Broadway, Suite 306
             New York, NY 10002
             P: (212) 349-6099
             F: (212) 349-6599

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | 3 |
| PRELIMINARY STATEMENT | 4 |
| SUMMARY OF FACTS | 4 |
| SUMMARY JUDGMENT STANDARD | 4 |
| I: ZHONG HONG BAO WAS NOT AN "EMPLOYER" UNDER THE FLSA AND NYLL | 6 |
| CONCLUSION | 9 |

## TABLE OF AUTHORITIES

### Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) .......... 5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) .......... 5

*Chen v. St. Beat Sportswear, Inc*., 364 F. Supp. 2d 269, 278 (E.D.N.Y. 2005). .......... 6

*Doe v. Abington Friends Sch*., 480 F.3d 252, 256 (2007). .......... 5

*Herman v. RSR Security Servs. Ltd.,* 172 F.3d 132, 139 (2d Cir. 1999) .......... 6, 7

*Hennan v. RSR Sec. Servs., Ltd*., 172 F.3d 132, 139 (2d Cir. 1999). .......... 6

*Hernandez v. La Cazuela de Mari Rest., Inc*., 538 F. Supp. 2d 528, 534-35 (E.D.N.Y. 2007) .......... 6

*Hicks v. Baines,* 593 F.3d 159, 166 (2d Cir. 20 10) .......... 5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) .......... 5

*Yu G. Ke v. Saigon Grill, Inc*., 595 F. Supp. 2d 240, 264 n.48 (S.D.N.Y. 2008) .......... 6

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in support to the Defendants ZHONG HONG BAO motion for summary judgment pursuant to Fed. R. Civ. P. 56.

## STATEMENT OF FACTS

Defendants ZHONG HONG BAO and CHUN YONG CHEN are the owners of AGEHA JAPANESE FUSION, INC.. Defendant CHUN YONG CHEN managed the restaurant, paid employees, made the schedules. Defendants ZHONG HONG BAO had no position at the restaurant and was not involved in running the restaurant[1].

Plaintiff alleges that she worked at AGEHA JAPANESE FUSION, INC. from October 2012 to October 19, 2013 and then again from October 6, 2014 to October 30, 2014[2]. Plaintiff alleges that she worked 4-5 days per week, for more than 10 hours per day[3]. Plaintiff alleges that she was paid $10 per day worked, once per month[4]. Plaintiff is suing for unpaid wages and overtime.

Defendants dispute Plaintiff's allegations. Defendants claim Plaintiff was paid a per hour wage, like every other employee in the restaurant, and paid overtime when she worked more than 40 hours per week. Defendants also dispute the hours Plaintiff claims to have worked.

## SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56(c), a motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

---

[1] Deposition of Bao pg 8 ¶2-6; pg 10 ¶9-10; pg 16 ¶ 5-9; pg 10 ¶17-19; pg 12 ¶ 2-19; pg 13 ¶23-25; pg 17 ¶ 3-11; pg 17 ¶ 19-24;
[2] Complaint ¶21.
[3] Complaint ¶23.
[4] Deposition of Liana Ie  pg 38¶10-13; pg 57¶14-16;

4

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *Celotex*, 477 U.S. at 322-26; *Doe v. Abington Friends Sch*., 480 F.3d 252, 256 (2007).

The party seeking summary judgment must initially provide the court with the basis for its motion. *Celotex Corp*., 477 U.S. at 323. This requires the moving party to either establish that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or demonstrate that the nonmoving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden. *Id*. at 322–23. Once the party seeking summary judgment has carried this initial burden, the burden shifts to the nonmoving party. To avoid summary judgment, the nonmoving party must demonstrate facts supporting each element for which it bears the burden, and it must establish the existence of "genuine issue[s] of material fact" justifying trial. *Celotex Corp.*, 477 U.S. at 324.

Once a moving party satisfies its initial burden of establishing a prima facie case for summary judgment under Fed. R. Civ. Pro. 56(c), the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). The nonmoving must set out specific facts showing a genuine issue for trial using affidavits or as otherwise provided in Fed. R. Civ. Pro. 56(e).  Importantly, "[a] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines,* 593 F.3d 159, 166 (2d Cir. 20 10) (citations omitted).

Because there exist no issues of material fact concerning those portions of Plaintiffs' Complaint which are the subject of the instant motion, partial summary judgment in favor of Defendants is appropriate.

## I. ZHONG HONG BAO WAS NOT AN "EMPLOYER" UNDER THE FLSA AND NYLL

All claims asserted against Defendant ZHONG HONG BAO should be dismissed because there is nothing in the record that in any way supports Plaintiffs claims that ZHONG HONG BAO was an "employer".

Under the FLSA an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The primary concern in reaching a determination that an individual is an "employer" under the FLSA is whether he or she "possessed the power to control the workers in question ...." *Hennan v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

The Second Circuit has held that in determining whether an individual is an "employer" under the Fair Labor Standards Act, "the overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Security Servs. Ltd.,* 172 F.3d 132, 139 (2d Cir. 1999) (internal quotations and citations omitted);

"[W]hether an individual is an 'employer' under New York law involves the same legal considerations as those under federal law." *Hernandez v. La Cazuela de Mari Rest., Inc*., 538 F. Supp. 2d 528, 534-35 (E.D.N.Y. 2007). *See also Yu G. Ke v. Saigon Grill, Inc*., 595 F. Supp. 2d 240, 264 n.48 (S.D.N.Y. 2008); *Chen v. St. Beat Sportswear, Inc*., 364 F. Supp. 2d 269, 278 (E.D.N.Y. 2005).

Under the so-called "economic reality" test, the relevant factors for a Court to consider are "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman, supra,* 172 F.3d at 139 (citations omitted).

When looking at the testimony on the record it becomes clear that ZHONG HONG BAO did not have the power to hire and fire employees. ZHONG HONG BAO did not supervise or control employee work schedules or conditions of employment. ZHONG HONG BAO did not determine the rate or method of pay. ZHONG HONG BAO did not maintain employment records. In short, ZHONG HONG BAO was not an employer under the economic realty test.

Plaintiff testified during her depositions that she was hired, paid, supervised, and records were maintained/generated by "Jackie" (the alleged English name of Defendant Chun Yong Chen).[5]

Defendant ZHONG HONG BAO testified during deposition that he had no job title at the restaurant, that he had no job duty at the restaurant.[6] ZHONG HONG BAO testified he did not manage the business[7] that his friend, Defendant Chen, handled the business[8], in every aspect.

Defendant ZHONG HONG BAO testified that he never paid an employee[9]. Defendant ZHONG HONG BAO testified that he never made an employee schedule[10]. Defendant ZHONG HONG BAO testified that he never hired an employee[11]. Defendant ZHONG HONG BAO

---

[5] Deposition of Liana Ie pg 45 ¶2-3; Deposition of Liana Ie pg 44 ¶6-9; Deposition of Liana Ie pg 61 ¶ 17-20.
[6] Deposition of Bao pg 8 ¶2-6.
[7] Deposition of Bao pg 10 ¶9-10; pg 16 ¶ 5-9;
[8] Deposition of Bao pg 10 ¶17-19; pg 12 ¶ 2-19; pg 13 ¶23-25; pg 17 ¶ 3-11; pg 17 ¶ 19-24;
[9] Deposition of Bao pg 15 ¶3-5;
[10] Deposition of Bao pg 15 ¶6-8;
[11] Deposition of Bao pg 15 ¶9-10;

testified that he never fired an employee[12]. Defendant ZHONG HONG BAO testified that he never reprimanded an employee[13]. Defendant ZHONG HONG BAO testified that he did not keep any records for the business[14]. Defendant ZHONG HONG BAO testified that he did not have the authority to hire employees[15]. Defendant ZHONG HONG BAO testified that he did not interview any employees[16]. Defendant ZHONG HONG BAO testified that he was not allowed to fire employees[17]. Defendant ZHONG HONG BAO testified that he never recommend that someone be fired.[18]

Defendant CHUN YONG CHEN testified that Defendant ZHONG HONG BAO doesn't manage the restaurant[19]. Defendant CHUN YONG CHEN testified that Defendant ZHONG HONG BAO never set wages, set schedules, told employees what to do, hired or fired employees.[20] Defendant CHUN YONG CHEN also testified that there was no agreement in place or ever any conversation about Defendant ZHONG HONG BAO ever having the power to set wages, set schedules, told employees what to do, hired or fired employees.[21]

In this case, in applying the economic reality test to Defendant ZHONG HONG BAO that he is not an employer, as he does not meet any of the factors. He never hired, fired, paid, supervised, managed employees or kept records for the business, nor did he have the power to do so. Mere speculation that because Defendant ZHONG HONG BAO was an owner he had the power to do these things does not meet the requirements to create a genuine issue of fact that

---

[12] Deposition of Bao pg 15 ¶11-12;
[13] Deposition of Bao pg 15 ¶13-14;
[14] Deposition of Bao pg 15 ¶15-16;
[15] Deposition of Bao pg 15 ¶22-24
[16] Deposition of Bao pg 15 ¶25- pg 16 ¶2
[17] Deposition of Bao pg 16 ¶3-4;
[18] Deposition of Bao pg 18 ¶12-14;
[19] Deposition of Chen pg 9 ¶14-17
[20] Deposition of Chen pg 43 ¶7-12.
[21] Deposition of Chen pg 41 ¶17 - pg42 ¶ 11.

would defeat summary judgment. As such, Defendant ZHONG HONG BAO should be dismissed from the case as he was not an employer of the Plaintiff.

## CONCLUSION

For all the foregoing reasons, Defendants' Motion for Summary Judgment should be granted in all respects and all claims against Defendants should be dismissed with prejudice.

Dated: New York, NY
       January 29, 2016

                                    */s/ Vincent S Wong*
                                    Vincent S. Wong, Esq. (VW9016)
                                    Law Offices of Vincent S. Wong
                                    39 East Broadway, Suite 306
                                    New York, NY 10002
                                    P: (212) 349-6099
                                    F: (212) 349-6599