UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FORTUNATA LIANA IE, individually and in behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>–against–<br><br>AGEHA JAPANESE FUSION, INC., ZHONG HONG BAO, and CHUN YONG CHEN, jointly and severally,<br><br>Defendants. | 15 CV 63 (JGK) (SN) |

### MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### TABLE OF CONTENTS

I.    Introduction and Summary Judgment Standard ................................................................. 2

II.   Genuine Issue of Material Fact as to Whether or Not Mr. Bao an Employer and Thus Personally Liable ............................................................................................................... 3

### TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ........................................................... 3

*Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465 (9th Cir. 1983) ....................... 4

*Carter v. Duchess Cmty. Coll.*, 735 F.2d 8 (2d Cir. 1984) .................................................... 3

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) ...................................................................... 2

*Chan v. Sung Yue Tung Corp.*, No. 03 CV 6048, 2007 WL 313483 (S.D.N.Y. Feb. 1, 2007) ........... 3

*Dickerson v. Napolitano,* 604 F.3d 732 (2d Cir. 2010) ......................................................... 3

*Donovan v. Janitorial Servs., Inc.*, 672 F.2d 528 (5th Cir. 1982) ................................... 4, 5

*Falk v. Brennan*, 414 U.S. 190 (1973) ................................................................................... 3

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999) ...................................................3, 4, 5

*In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76 (2d Cir. 2008).............................................3

*Johnson v. Wave Comm GR LLC*, 4 F. Supp. 3d 423 (N.D.N.Y 2014)...........................................4

*Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240 (S.D.N.Y. 2008) ......................................................4

*Moon v. Kwon*, 248 F. Supp. 2d 201 (S.D.N.Y. 2002) ...................................................................3

*Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995) ...............................................3

**Statutes**

29 U.S.C. § 203(d) ..........................................................................................................................3

N.Y. Lab. Law § 190(3).................................................................................................................3

N.Y. Lab. Law § 651(6).................................................................................................................3

**Rules**

Fed. R. Civ. P. 56(a) ...................................................................................................................... 2

### I. INTRODUCTION AND SUMMARY JUDGMENT STANDARD

The defendants' business employed the plaintiff, and the plaintiff brings claims against the defendants under the wage and hour laws. The defendants' motion for summary judgment on the issue of the defendant Zhong Hong Bao's personal liability to the plaintiff must be denied because the relevant facts are disputed, and the conflicting testimony of the codefendants Mr. Chen and Mr. Bao, which both supports and opposes the conclusion of Mr. Bao's liability, can only be assessed by the jury at trial.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In making that determination, the court must "construe all evidence in the light most favorable to the nonmoving

party, drawing all inferences and resolving all ambiguities in its favor." *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 87 (2d Cir. 2008). "On a summary judgment motion, the court is not to weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." *Id.*

## II. GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER OR NOT MR. BAO AN EMPLOYER AND THUS PERSONALLY LIABLE

The defendants fail to establish that that there is no genuine dispute as to whether Mr. Bao is personally liable as a joint employer of the plaintiff within the meaning of the Fair Labor Standards Act and the New York Labor Law. Rather, the conflicting testimony on the issue must be resolved by the jury at trial.

"The [Fair Labor Standards Act] defines 'employer' broadly and expansively as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Chan v. Sung Yue Tung Corp.*, No. 03 CV 6048, 2007 WL 313483, at *12 (S.D.N.Y. Feb. 1, 2007) (quoting 29 U.S.C. § 203(d)); *accord Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *see Falk v. Brennan*, 414 U.S. 190, 195 (1973); *see also Carter v. Duchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984). The New York Labor Law also defines an employer similarly broadly, *see Chan*, 2007 WL 313483, at *12; *Moon v. Kwon*, 248 F. Supp. 2d 201, 236 (S.D.N.Y. 2002), as including "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service," N.Y. Lab. Law § 190(3), or including "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer." *Id.* § 651(6).

3

The Second Circuit held that the overarching concern in determining whether an individual is an employer and hence individually liable is whether he or she "possessed the power to control the workers in question." *Herman*, 172 F.3d at 139. To determine if the power to control workers existed, courts should have "an eye to the 'economic reality' presented by the facts of each case." *Id.* Relevant factors are "'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *See id.* (quoting *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983).

> No one of the four factors standing alone is dispositive. Instead, the "economic reality" test encompasses the totality of circumstances, no one of which is exclusive. Since economic reality is determined based upon all the circumstances, any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition.

*Id.* (citations omitted).

For there to be control, and thus liability, the control "may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the [Fair Labor Standards Act], since such limitations on control 'do[] not diminish the significance of its existence.'" *Id.* (second alteration in original) (quoting *Donovan v. Janitorial Servs., Inc.*, 672 F.2d 528, 531 (5th Cir. 1982)). "Financial control over the company can also be considered indicative of employer status." *Johnson v. Wave Comm GR LLC*, 4 F. Supp. 3d 423, 450 (N.D.N.Y 2014) (citing *Herman*, 172 F.3d at 140).

The inquiry is the same under the New York Labor Law. *See Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 264 n.48 (S.D.N.Y. 2008).

Here, there is a question of material fact as to whether or not Mr. Bao had the power to control the plaintiff. First, it is undisputed that Mr. Bao is a fifty-percent owner of the restaurant. *See* Chen Dep. 9:16–25. Further, the other owner, Mr. Chen, testified that Mr. Bao had the power to hire and fire employees, had the authority to tell employees what to do, had the authority to set schedules of employees, and the authority to set wages of employees. *See id.* 10:1–11:1. Thus, according to Mr. Chen's testimony, Mr. Bao had the power to "control the workers in question." *Herman*, 172 F.3d at 139. Even if Mr. Bao may not have regularly exercised this power, it does not "diminish the significance of its existence." *Id.* (quoting *Janitorial Servs., Inc.*, 672 F.2d at 531). Mr. Chen's testimony is enough to establish that there is a question of material fact as to whether or not Mr. Bao had the power to control the plaintiff and is therefore personally liable. Furthermore, even if a jury finds that fewer than all of the factors relevant to the economic reality test are met, that may be sufficient nonetheless to support the jury's reasonable conclusion that, based on the totality of the circumstances, Mr. Bao is personally liable. A jury must decide this issue at trial.

Mr. Bao's testimony, undeniably self-serving, contradicts his codefendant Mr. Chen's. But a jury must assess the credibility of the witnesses' testimony at trial; the Court may not do so on summary judgment. Wherefore, the plaintiff prays the Court deny the defendants' motion for summary judgment.

6

                                                    LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By:_____
John M. Gurrieri
jmgurrieri@zellerlegal.com
Brandon D. Sherr
bsherr@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249

Dated: New York, New York         Facsimile: (212) 229-2246
         February 12, 2016            **ATTORNEYS FOR PLAINTIFF**