UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
FORTUNA LIANA IE, individually and in behalf of all        Docket No: 15-CV-00063
other persons similarly situated

                                        Plaintiffs,


                            -against-



AGEHA JAPANESE FUSION, INC., ZHONG HONG
BAO, CHUN YONG CHEN, jointly and severally

                                        Defendants.
-------------------------------------------------------------------x


**MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS
MOTION FOR SUMMARY JUDGMENT**


Dated: New York, NY
        February 12, 2016
                                    */s/ Vincent S Wong*
                                    Vincent S. Wong, Esq. (VW9016)
                                    Law Offices of Vincent S. Wong
                                    39 East Broadway, Suite 306
                                    New York, NY 10002
                                    P: (212) 349-6099
                                    F: (212) 349-6599

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES                                                    3

PRELIMINARY STATEMENT                                                  5

SUMMARY OF FACTS                                                       5

SUMMARY JUDGMENT STANDARD                                              6

I:      IT WAS NEVER DISPUTED THAT DEFENDANT CHEN WAS AN
        EMPLOYER OF PLAINTIFF                                          7

II:     DEFENDANT DID NOT FAIL TO PAY PLAINTIFF MINIMUM WAGE           7

III:    PLAINTIFF HAS NOT PROVEN DEFENDANT OWES PLAINTIFF
        SPREAD OF HOURS                                                10

IV:     PLAINTIFF HAS NOT PROVEN  THAT PLAINTIFF IS ENTITLED TO
        STATUTORY DAMAGES FOR THE WAGE THEFT PREVENTION ACT            11

V.      PLAINTIFF'S REQUEST FOR AUTOMATIC INCREASE OF JUDGMENT
        IS PREMATURE AS PLAINTIFF DOES NOT CURRENTLY HAVE A
        JUDGMENT AGAINST DEFENDANTS                                    12

VI.     PLAINTIFF MAY NOT CURE DEFICIENCIES IN ITS MOVING PAPERS
        IN ITS REPLY                                                   12


CONCLUSION                                                             13

## TABLE OF AUTHORITIES

### Statute

12 NYCRR 146–1.3                                                        8

12 NYCRR 146-1.6                                                        10

29 C.F.R. § 531.59(b)                                                   8

29 U.S.C. § 203(m)                                                      7, 8

N.Y. Lab. Law § 198 (1-b)                                               11

N.Y. Lab. Law § 198 (1-d)                                               11

### Cases

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986)            6

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598,
26 L.Ed.2d 142 (1970)                                                   6

*Cao v. Wu Liang Ye Lexington Restaurant, Inc.*, 2010 WL 4159391,
at *2 (S.D.N.Y.2010)                                                    8

*Copantitla v. Fiskardo Estiatorio, Inc*., 788 F. Supp. 2d 253,
288 (S.D.N.Y. 2011)                                                     8

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)                   6

*Chan v. Triple 8 Palace, Inc.*, 2006 WL 851749, at *14
(S.D.N.Y. Mar. 30, 2006)                                               8

*Chung v. New Silver Palace Rest., Inc*., 246 F.Supp.2d 220, 229–30
 (S.D.N.Y.2002)                                                        8

*Gomez v. El Rancho de Andres Carne de Tres Inc., No*. CV 2012-1264
CBA MDG, 2014 WL 1310296, at *7 (E.D.N.Y. Mar. 11, 2014)               8

*Guan Ming Lin v. Benihana New York Corp*., No. 10 CIV. 1335
RA JCF, 2012 WL 7620734, at *10 (S.D.N.Y. Oct. 23, 2012)               11

*Gunawan v. Sake Sushi Rest*., 897 F. Supp. 2d 76, 89 (E.D.N.Y. 2012)   8

*Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir.1996)                7

*Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175
 (2d Cir.2003)                6

*Rudy v. Consol. Rest. Cos.,* No. 3:08–CV–0904–L (BF),
2010 WL 3565418, at *9 (N.D.Tex. Aug. 18, 2010)                8

*Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir.1996)                7

*United States v. Noble Jewelry Holdings Ltd.*, 08 Civ. 7826(JGK)(KNF),
2012 U.S. Dist. LEXIS 51675, at *13–14, 2012 WL 1228199
(S.D.N.Y. April 9, 2012)                13

*United States v. Rem*, 38 F.3d 634, 644 (2d Cir.1994)                7

*Wicaksono*, 2011 WL 2022644, at *5                8

*Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 264 n.48 (S.D.N.Y. 2008)                8

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in opposition to the Plaintiff's motion for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiff's motion for summary judgment, while purportedly only for liability, is frivolous because it does not resolve any of the issues in this case, does not remove our resolve the need for any of the parties to appear, and does not remove anything from the juries consideration.

## SUMMARY OF FACTS

Defendants ZHONG HONG BAO and CHUN YONG CHEN are the owners of AGEHA JAPANESE FUSION, INC..  Defendant CHUN YONG CHEN managed the restaurant, paid employees, made the schedules. Defendants ZHONG HONG BAO had no position at the restaurant and was not involved in running the restaurant[1].

Plaintiff alleges that she worked at AGEHA JAPANESE FUSION, INC. from October 2012 to October 19, 2013 and then again from October 6, 2014 to October 30, 2014[2]. Plaintiff alleges that she worked 4-5 days per week, for more than 10 hours per day[3]. Plaintiff alleges that she was paid $10 per day worked, once per month[4]. Plaintiff is suing for unpaid wages and overtime.

Defendants dispute Plaintiff's allegations. Defendants claim Plaintiff was paid a per hour wage, like every other employee in the restaurant[5], and paid overtime when she worked more than 40 hours per week. Defendants dispute the hours Plaintiff claims to have worked.

---

[1] Deposition of Bao pg 8 ¶2-6; pg 10 ¶9-10; pg 16 ¶ 5-9; pg 10 ¶17-19; pg 12 ¶ 2-19; pg 13 ¶23-25; pg 17 ¶ 3-11; pg 17 ¶ 19-24;
[2] Complaint ¶21.
[3] Complaint ¶23.
[4] Deposition of Liana Ie  pg 38¶10-13; pg 57¶14-16;
[5] See Defendants' Exhibit 1.

Defendants assert that Defendants paid Plaintiff appropriate wages, pursuant to minimum wage and overtime requirements, for the hours Plaintiff actually worked.

## SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56(c), a motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" for these purposes when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322-26; *Doe v. Abington Friends Sch*., 480 F.3d 252, 256 (2007). The burden of demonstrating that no material fact exists lies with the party seeking summary judgment. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The party seeking summary judgment must initially provide the court with the basis for its motion. *Celotex Corp*., 477 U.S. at 323.

When considering a motion for summary judgment, a court must construe the evidence in the light most favorable to the nonmoving party, drawing all inferences in that party's favor. *Niagara Mohawk Power Corp. v. Jones Chem., Inc*., 315 F.3d 171, 175 (2d Cir.2003). "[T]he judge must ask ... not whether ... the evidence unmistakably favors ones side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary

judgment." *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir.1996); see also *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir.1996) ("In applying th[e] [summary judgment] standard, the court should not weigh evidence or assess the credibility of witnesses."); *United States v. Rem*, 38 F.3d 634, 644 (2d Cir.1994)

Because there exist issues of material fact concerning the issues which Plaintiffs' seeks partial summary judgment, summary judgment is not appropriate.

## I.   IT WAS NEVER DISPUTED THAT DEFENDANT   CHEN WAS AN EMPLOYER OF PLAINTIFF

Plaintiff first moves for partial summary judgment to "prove" that Defendant Chun Yong Chen was an employer of Plaintiff. This issue was never contested by Defendants.

Defendant Chen openly and freely admitted to managing Ageha Japanese Fusion Inc. and directing and paying employees there, including hiring Plaintiff. While moving for summary judgment on this issue might have been meaningful IF Plaintiff motion removed the need for Defendant Chen to appear and testify. However, regardless of the outcome of Plaintiff's motion Defendant Chen will still need to appear at trial to testify about the many disputed facts in this case, such as amount Plaintiff was paid, the hours Plaintiff worked, what Plaintiff was told when hired, among many other issues in dispute in this case.

## II. DEFENDANT DID NOT FAIL TO PAY PLAINTIFF MINIMUM WAGE

Defendants did not fail to pay Defendant minimum wage.

"The FLSA permits employers to pay tipped employees an hourly rate below the minimum wage if the employee's wages and tips, added together, meet or exceed the minimum wage. See 29 U.S.C. § 203(m). In order to benefit from the tip credit, the employer must first notify the employees of its intention to include tip income when calculating wages actually paid for

minimum wage purposes and all such tips must have been retained by the employee. See 29

U.S.C. § 203(m); 29 C.F.R. § 531.59(b); *Cao v. Wu Liang Ye Lexington Restaurant, Inc.*, 2010

WL 4159391, at *2 (S.D.N.Y.2010) ; *Yu G. Ke v. Saigon Grill, Inc*., 595 F.Supp.2d 240, 254

(S.D.N.Y.2008)." *Gomez v. El Rancho de Andres Carne de Tres Inc., No*. CV 2012-1264 CBA

MDG, 2014 WL 1310296, at *7 (E.D.N.Y. Mar. 11, 2014) report and recommendation adopted,

No. 12-CV-1264 CBA MDG, 2014 WL 1310299 (E.D.N.Y. Mar. 31, 2014)

   "To take advantage of such a credit, an employer must inform its employees that tips are

being credited against their wages. See 29 U.S.C. § 203(m) & 12 NYCRR 146–1.3. In addition,

the employer must refrain from withholding any portion of the employees' tips or requiring some

employees to share the tips they receive with non-service employees, such as managers or

kitchen staff, who do not customarily and regularly receive tips. *Wicaksono*, 2011 WL 2022644,

at *5; *Chung v. New Silver Palace Rest., Inc*., 246 F.Supp.2d 220, 229–30 (S.D.N.Y.2002); see

also *Chan v. Triple 8 Palace, Inc.*, 2006 WL 851749, at *14 (S.D.N.Y. Mar. 30, 2006)."

*Gunawan v. Sake Sushi Rest*., 897 F. Supp. 2d 76, 89 (E.D.N.Y. 2012).

   "*Rudy v. Consol. Rest. Cos.,* No. 3:08–CV–0904–L (BF), 2010 WL 3565418, at *9

(N.D.Tex. Aug. 18, 2010) ("Explaining that an employee would make $2.15/hour plus tips and

that they would participate in a tip pool has been determined to be sufficient notice under Section

203(m).")." *Copantitla v. Fiskardo Estiatorio, Inc*., 788 F. Supp. 2d 253, 288 (S.D.N.Y. 2011)

   In this case, Plaintiff does not contend that Defendant withholds any portion of the

employees' tips or that Plaintiff was required to share tips she received with non-service

employee. [6] Nor does Plaintiff contend that the tips received by her were insufficient for the tip credit claimed, even under Plaintiff's alleged longer workdays. [7]

Instead Plaintiff claims that Defendant is not entitled to a tip credit because Plaintiff did not receive sufficient notice of the tip credit. This branch of Plaintiff's motion should be denied, as there exists issues of fact in dispute, which preclude summary judgment.

While Plaintiff denies receiving notice, Defendants have testified that Plaintiff was told about paid with tips and pay when Plaintiff was first hired, Plaintiff was told that she would receive $5 per hour for base pay for the first 40 hours[8] and $9 per hour for overtime base pay[9], that Plaintiff would receive at least $3.75 per hour in tips and that if she did not receive at least $3.75 per hour in tips that Defendants would pay her the deficient amount[10]. Plaintiff also admitted that there was a Department of Labor Poster at the restaurant in English[11], and that she reads English[12]. Defendant testified that the Department of Labor poster had information on it regarding minimum wage law and taking tip credit.[13] Defendant also testified that he made sure that each day tipped employees received sufficient tips to meet minimum tips of $3.75 per hour worked or more.[14] (It should be noted that Defendants only needed $2.25 of tip credit at the time Plaintiff was employed to meet the minimum wage requirements of New York).

As such there are sufficient issues of fact that Plaintiff had notice of tip credit when hired, both verbally and in writing, and that Defendant ensured that she received minimum tips each

---

[6] Plaintiff claims she only shared tips with her fellow servers. (Deposition of Liana Ie pg 64 ¶14 -17)   Defendants claim Plaintiff kept her tips. (Deposition of Chen pg 21¶21- pg 22 ¶5.)
[7] Deposition of Liana Ie pg 65 ¶9 -14 (Plaintiff made about $120 tips per day)
[8] Deposition of Chen pg 34¶22 – pg 35 ¶4
[9] Deposition of Chen pg 35¶11-16
[10] Deposition of Chen pg 24¶6-10; Deposition of Chen pg 35¶5-10
[11] Deposition of Liana Ie pg 62 ¶11-13;
[12] Deposition of Liana Ie pg 61 ¶25  - pg 62 ¶2.
[13] Deposition of Chen pg 40¶4-16
[14] Deposition of Chen pg 24¶15 - 20

night for the tip credit, such that summary judgment is not appropriate and Plaintiff's motion should be denied.

### III. PLAINTIFF HAS NOT PROVEN DEFENDANT OWES PLAINTIFF SPREAD OF HOURS

Plaintiff next moves for summary judgment on its spread of hour claims. Plaintiff can not meet its burden on summary judgment on this issue, because the hours Plaintiff is alleged to have worked and the amount Plaintiff is alleged to have been paid for said work are currently in dispute.

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.  provides that "on each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

For Plaintiff to have meet its burden on this issue, Plaintiff would need to prove, through undisputed facts that Plaintiff worked more than 10 hours on one or more days while employed for Defendant AND that Plaintiff was not adequately paid for said days in which Plaintiff worked more than 10 hours. Plaintiff has failed to meet this burden, offering no evidence that Plaintiff worked more than 10 hours on any given days and no evidence that Plaintiff did not receive adequate pay.

Plaintiff offers no evidence in support of its motion on what Defendant was paid for any given day/week/month, most likely because this issue is highly disputed by the parties.  As to Plaintiff's claim to working more than 10 hours per day, this is disputed by the testimony in Defendant Chen's deposition, which was that Plaintiff worked "maximum ten hours"[15].

As Plaintiff offers no undisputed facts to support its claims on this issue, Plaintiff has failed to meet its burden for summary judgment on this issue and it must be denied.

---

[15] Deposition of Chen pg 18 ¶14-16.

Further, this request to determine liability only on the issue of spread of hours is another frivolous request by Plaintiff.  Even if Plaintiff had somehow met its burden for liability on the issue of spread of hours, this would again not change the burden/instructions to a jury, in that a jury would still be need to instructed on the law of spread of hours, determine which days if any Plaintiff was entitled to spread of hours, and then determine if Plaintiff was actual paid this additional compensation which she would be entitled to if she worked more than 10 hours on that day, essentially determining the entire issue.

## IV. PLAINTIFF HAS NOT PROVEN  THAT PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES FOR THE WAGE THEFT PREVENTION ACT

Plaintiff next moves for summary judgment on its claims under N.Y. Lab. Law § 198 (1-b) and (1-d), alleging various violations of failure to provide certain statements to Plaintiff when she was hired or was paid.

"In order to establish the defendants' liability, the plaintiffs must (1) establish that the wage statements the defendants provided did not satisfy the requirements under NYLL § 195(3), and (2) overcome the defendants' affirmative defense that they made "complete and timely payment of all wages due."" *Guan Ming Lin v. Benihana New York Corp*., No. 10 CIV. 1335 RA JCF, 2012 WL 7620734, at *10 (S.D.N.Y. Oct. 23, 2012) report and recommendation adopted, No. 10 CIV. 1335 RA JCF, 2013 WL 829098 (S.D.N.Y. Feb. 27, 2013)

Both N.Y. Lab. Law § 198 (1-b) and N.Y. Lab. Law § 198  (1-d) have provisions that state that "it shall be an affirmative defense that (i) the employer made complete and   timely payment of all wages due" to the claims for damages for under these statutes.

Disregarding that Plaintiff, of all the employees working for Defendants, was not provided these statements because she refused to provide necessary information to allow Defendants to

add Plaintiff to their payroll system, and that Plaintiff insisted she be paid in cash, not checks that came with statement like every other employee.[16] Defendants have asserted this defense and represented that Defendant was adequately paid minimum wage and overtime.[17] As such an issue of fact exists as to the second element that Plaintiff must prove to show liability, and as such this branch of Plaintiff's motion must be denied.

While Plaintiff disputes the adequacy of Defendants payments to Plaintiff, this is an issue of fact, which would preclude summary judgment, and as such Plaintiff's motion must be denied.

## V.  PLAINTIFF'S REQUEST FOR AUTOMATIC INCREASE OF JUDGMENT IS PREMATURE AS PLAINTIFF DOES NOT CURRENTLY HAVE A JUDGMENT AGAINST DEFENDANTS

Plaintiff requests summary judgment under New York Labor Law section 198 and 663 for an automatic increase in judgment amount, for amounts unpaid upon the expiration of ninety days, and costs for enforcing the judgment. Plaintiff's request for summary judgment on this issue is both frivolous and ridiculous at this time because most importantly, Plaintiff does not currently have a judgment against Defendants and offers no evidence otherwise. Plaintiff also fails to show that Defendants have not paid said non-existent judgment with ninety days of its issuance. As such this branch of Plaintiff's motion must be denied on its face.

## VI. PLAINTIFF MAY NOT CURE DEFICIENCIES IN ITS MOVING PAPERS IN ITS REPLY

To the extent that Plaintiff has not meet its burden of summary judgment in its moving and attempts to cure said deficiencies in its reply papers, this should not be permitted by the court.

---

[16] Deposition of Chen pg 35 ¶17 – pg 36 ¶ 13. See also Defendant's Exhibit 1, payroll records kept by Defendants for employees.
[17] Deposition of Chen pg 17 ¶ 16- 19.

In *United States v. Noble Jewelry Holdings Ltd.*, 08 Civ. 7826(JGK)(KNF), 2012 U.S. Dist. LEXIS 51675, at *13–14, 2012 WL 1228199 (S.D.N.Y. April 9, 2012) the court refused to consider new evidence submitted by movant on reply where such evidence was "not submitted in response to any new material issues raised" in the opposition papers.  The reason to refuse consideration of such evidence "submitted for the first time in reply" is that it "would be fundamentally unfair to the [non-moving party], because it would deprive [said party] of an opportunity to respond." *Id.*

## CONCLUSION

For all the foregoing reasons, Plaintiff's Motion for Summary Judgment should be denied in it entirety, along with such further and other relief as the court finds equitable.

Dated: New York, NY
         February 12, 2016

                                        */s/ Vincent S Wong*
                                        Vincent S. Wong, Esq. (VW9016)
                                        Law Offices of Vincent S. Wong
                                        39 East Broadway, Suite 306
                                        New York, NY 10002
                                        P: (212) 349-6099
                                        F: (212) 349-6599