UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
FORTUNA LIANA IE, individually and in behalf of all         Docket No: 15-CV-00063
other persons similarly situated

                                  Plaintiffs,

          -against-

AGEHA JAPANESE FUSION, INC., ZHONG HONG
BAO, CHUN YONG CHEN, jointly and severally

                                  Defendants.
---------------------------------------------------------------------x


**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF DEFENDANTS
MOTION FOR SUMMARY JUDGMENT**


Dated: New York, NY
        February 19, 2016

                                          */s/ Vincent S Wong*
                                          Vincent S. Wong, Esq. (VW9016)
                                          Law Offices of Vincent S. Wong
                                          39 East Broadway, Suite 306
                                          New York, NY 10002
                                          P: (212) 349-6099
                                          F: (212) 349-6599

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES 3

PRELIMINARY STATEMENT 4

SUMMARY JUDGMENT STANDARD 4

I:   NO GENUINE ISSUE OF FACT EXISTS AS TO ZHONG HONG BAO
     BEING NOT AN "EMPLOYER" UNDER THE FLSA AND NYLL         4

CONCLUSION 6

## TABLE OF AUTHORITIES

### Cases

*Hicks v. Baines,* 593 F.3d 159, 166 (2d Cir. 20 10)    4, 5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)    5

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in further support to the Defendants ZHONG HONG BAO motion for summary judgment pursuant to Fed. R. Civ. P. 56 and in reply to Plaintiff's opposition to this motion.

### I. NO GENUINE ISSUE OF FACT EXISTS AS TO ZHONG HONG BAO BEING NOT AN "EMPLOYER" UNDER THE FLSA AND NYLL

Defendant's moving papers cite heavily to the transcripts of all the parties in this case, showing how each and every party agrees, that ZHONG HONG BAO had no role at the restaurant, other than being a 50% owner. Plaintiff's opposition to Defendant's motion consists of sum and substance, that there exists an issue of fact as to ZHONG HONG BAO's role at the restaurant, when in fact this is not the case.

Once a moving party satisfies its initial burden of establishing a prima facie case for summary judgment under Fed. R. Civ. Pro. 56(c), the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving must set out specific facts showing a genuine issue for trial using affidavits or as otherwise provided in Fed. R. Civ. Pro. 56(e).  Importantly, "**[a] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment**," *Hicks v. Baines,* 593 F.3d 159, 166 (2d Cir. 20 10) (emphasis added)(citations omitted).

The testimony in this case regarding ZHONG HONG BAO is undisputed by any party. ZHONG HONG BAO did not ever hire and fire any employees. ZHONG HONG BAO did not ever supervise or control any employees work schedules or conditions of employment. ZHONG HONG BAO did not ever determine the rate or method of pay for any employee. ZHONG

4


HONG BAO did not maintain employment records. ZHONG HONG BAO did not have the power to do any of these things. In short, ZHONG HONG BAO was not an employer under the economic realty test.

In fact, Plaintiff's entire opposition rests on the testimony of Defendant Chun Yong Chen who stated from the very beginning, when asked about ZHONG HONG BAO involvement in the restaurant that "[h]e is an owner/shareholder. However, he doesn't manage the restaurant."[1] Defendant Chun Yong Chen further and consistently testified when asked if ZHONG HONG BAO did anything at the restaurant that ZHONG HONG BAO has "never done that before. I was the only one who has been doing that."[2]

Plaintiff argues that Chun Yong Chen's belief that ZHONG HONG BAO had the power to do things at the restaurant because he was one of the owners[3], when ZHONG HONG BAO has never done so, never asked to do so, and there is no agreement in place allowing him to do so[4], is sufficient to create an issue of fact. In essence, Plaintiff relies on mere conjecture or speculation to create an issue of fact where one does not exist. This is not sufficient, as a "[a] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," *Hicks v. Baines,* 593 F.3d 159, 166 (2d Cir. 20 10) (citations omitted).

Unlike the cases which Plaintiff cites to bolster its arguments, this is not a case where ZHONG HONG BAO had a power and choose not to regularly exercise it, this is a case where ZHONG HONG BAO did NOT have any power at the restaurant, as demonstrated by the fact that never did any of the things Plaintiff argues he had the power to do, ever.

---

[1] Deposition of Chen pg 9 ¶14-17
[2] Deposition of Chen pg 10 ¶9-13
[3] Deposition of Chen pg 10 ¶21-23 ( "He does have that authority because he is one of the bosses. However, he's never done that before")
[4] Deposition of Chen pg 41 ¶7 – pg 42 ¶15

5

Further, despite Plaintiff's characterization of the testimony, there is no contradiction in the testimony on this issue, all parties testified that ZHONG HONG BAO had no role at the restaurant (other than 50% owner) and never did anything at the restaurant. As such, ZHONG HONG BAO was not an employer as defined under the economic realty test.

## CONCLUSION

For all the foregoing reasons, Defendants' Motion for Summary Judgment should be granted in all respects and all claims against Defendant ZHONG HONG BAO should be dismissed with prejudice.

Dated: New York, NY
February 19, 2016

*/s/ Vincent S Wong*
Vincent S. Wong, Esq. (VW9016)
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
P: (212) 349-6099
F: (212) 349-6599