**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

FORTUNATA LIANA IE,

         **Plaintiff,**

     -against-

AGEHA JAPANESE FUSION, INC., et al.,

         **Defendants.**

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 4/2/2018

**15-CV-63 (JGK)(SN)**

<u>**OPINION AND ORDER**</u>

**SARAH NETBURN, United States Magistrate Judge**:

  On April 13, 2017, the Honorable John G. Koeltl dismissed this case without prejudice and referred the matter to my docket for the purposes of fixing and enforcing a charging lien. ECF Nos. 97, 98. Counsel for Plaintiff Fortunata Liana Ie subsequently filed a motion to fix and enforce a charging lien against Plaintiff and Defendants Ageha Japanese Fusion, Inc. and Chun Yong Chen. ECF Nos. 102–03. As discussed below, the motion to fix and enforce a charging lien is GRANTED in part and DENIED in part.

**BACKGROUND**

  In 2015, Plaintiff brought this action alleging that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law. ECF No. 1. The last time Plaintiff's counsel was able to contact Plaintiff was on March 22, 2017, when counsel communicated to Plaintiff that Defendants had refused to make an offer to settle the action. ECF No. 86. Nevertheless, trial was scheduled to begin on April 4, 2017, apparently in the hopes that counsel would regain contact with Plaintiff before that date. <u>Id.</u> On the eve of trial, however, defense counsel informed the Court that Defendants had privately agreed to pay $15,000 in cash to

Plaintiff to settle the action. ECF No. 91. The parties reached this agreement without their counsel's involvement. Id. Defense counsel then requested that the Court approve the settlement and dismiss the case with prejudice. Id.

On April 12, 2017, the Court held a conference with Plaintiff's counsel and Defendants. ECF No. 105. Plaintiff did not appear at the conference. Id. at 2:12–16. After hearing arguments from the parties, the Court held:

> The plaintiff has apparently accepted a private settlement from the defendants without involving her counsel. In exchange, she will not pursue her claims. Dismissal with prejudice would be the functional equivalent of judicially approving the private settlement, which would effectively circumvent the FLSA's court approval requirement. And, without the plaintiff to confirm the substance of the settlement, this Court could not approve the settlement.
>
> On the other hand, it is clear that this case cannot proceed without the plaintiff's involvement. Accordingly, dismissal of this case for failure to prosecute without prejudice is appropriate.

Id. at 22:20–23:7. In addition, the Court maintained ancillary jurisdiction for the purposes of fixing and enforcing a charging lien. Id. at 24:6–8. On February 20, 2018, Plaintiff's counsel filed a motion to fix and enforce a charging lien against Plaintiff and Defendants, jointly and severally. ECF Nos. 102–03. On March 6, 2018, Defendants responded in opposition to the motion. ECF No. 104.

## DISCUSSION

"A charging lien is a security interest in the favorable result of litigation, giving the attorney equitable ownership interest in the client's cause of action . . . ." Antonmarchi v. Consol. Edison Co. of N.Y., 678 F. Supp. 2d 235, 240 (S.D.N.Y. 2010) (quoting Chadbourne & Parke, LLP v. AB Recur Finans, 794 N.Y.S.2d 349 (1st Dep't 2005)). Section 475 of the New York Judiciary Law provides:

> From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department . . . the attorney who appears for

> a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

"[T]he lien created by section 475, which attaches by its terms in an action or proceeding 'in any court or before any . . . federal department,' is enforceable in federal courts in accordance with its interpretation by New York courts." Chesley v. Union Carbide Corp., 927 F.2d 60, 67 (2d Cir. 1991). "The statute is remedial in character, and hence should be construed liberally in aid of the object sought by the legislature, which was to furnish security to attorneys by giving them a lien upon the subject of the action." Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 450 (2d Cir. 1998) (quoting Fischer-Hansen v. Brooklyn Heights R.R., 173 N.Y. 492, 499 (1903)).

"It is well-settled that an attorney loses his right to enforce a charging lien if the attorney withdraws or is discharged for cause." In re Harley & Browne, 957 F. Supp. 44, 48 (S.D.N.Y. 1997). Based "upon information and belief," Defendants contend that Plaintiff instructed her counsel to discontinue the lawsuit on April 3, 2017, after she agreed to the private settlement with Defendants. ECF No. 104 at 5. Defendants also claim that Plaintiff's counsel refused to seek dismissal of the action as directed, leading Plaintiff to discharge her counsel for cause. Id. at 5, 6; see Allstate Ins. v. Nandi, 258 F. Supp. 2d 309, 312 (S.D.N.Y. 2003) ("Courts typically find a discharge 'for cause' where there has been a significant breach of legal duty."). Yet Defendants do not offer any evidence to support these factual claims—their assertions about what transpired between Plaintiff and her counsel appear to be based solely on Defendants' own speculation. Moreover, Plaintiff's attorneys state that the last time they communicated with their client was on March 22, 2017. ECF No. 103 at 4; see also In re Cooper, 32 N.Y.S.2d 158, 162 (Sup. Ct.

1941) (taking as true allegations in a § 475 petition that were not contradicted by affidavit), rev'd on other grounds, 291 N.Y. 255 (1943). Plaintiff could not have instructed her counsel to discontinue the lawsuit on April 3, 2017, if her last communications with counsel occurred twelve days earlier. Thus, Defendants have not demonstrated that Plaintiff's counsel was discharged for cause.

"In the event of settlement, the attorney's lien attaches to the fund representing the cause of action extinguished by the settlement." In re Shirley Duke Assocs., 611 F.2d 15, 18 (2d Cir. 1979). Defendants cannot cut a plaintiff's counsel out of settlement negotiations, exclude attorneys' fees from the settlement, and thereby decrease the amount of money they must pay to the plaintiff to resolve a case. The attorney's lien "attaches to the amount agreed upon in settlement the instant that the agreement is made, and, if the defendant pays over to the client without providing for the lien of the attorney, he violates the rights of the latter, and must stand the consequences." Fischer-Hansen, 173 N.Y. at 502; cf. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 205–06 (2d Cir. 2015) (noting that "[w]ithout judicial oversight, . . . employers may be more inclined to offer, and employees . . . may be more inclined to accept, private settlements that ultimately are cheaper to the employer than compliance with the Act" (first two alterations in original) (quoting Socias v. Vornado Realty L.P., 297 F.R.D. 38, 41 (E.D.N.Y. 2014))). Thus, "where a defendant settles with a plaintiff without making provision for the fee of the plaintiff's attorney, that attorney can in a proper case proceed directly against the defendant pursuant to section 475." Chesley, 927 F.2d at 67.

Because the Court did not approve the parties' settlement and instead dismissed the case without prejudice, Defendants contend that none of Plaintiff's claims was settled or extinguished and "there was no favorable result of litigation." ECF No. 104 at 7–9. As such, Defendants argue

that Plaintiff's counsel is not entitled to a charging lien. Id. But Defendants acknowledge that they privately settled the litigation by paying Plaintiff $15,000 in cash. ECF No. 91 at 1 & n.2. This settlement arrangement undoubtedly constituted a favorable result for Plaintiff. The charging lien attached to the settlement amount at the time the agreement was made, and by paying the settlement amount directly to Plaintiff without providing for the lien, Defendants violated the rights of Plaintiff's counsel. When all is said and done, Defendants' real complaint is that the arrangement did not result in a favorable outcome for *Defendants*, who may have to pay some or all of the lien and may be subject to future action by Plaintiff. Nonetheless, Defendants ran that risk when they paid Plaintiff a settlement without involving Plaintiff's counsel and without providing for the attorneys' lien.

"The amount of a charging lien granted under § 475 is to be determined by the 'reasonable value of the services' provided." Skylon Corp. v. Greenberg, 164 F.3d 619 (2d Cir. 1998) (summary opinion) (quoting Gumowitz ex rel. W. Seventy-Ninth St. Assocs. v. Resolution Tr. Corp., No. 90-CV-8083 (DAB), 1995 WL 375882, at *1 (S.D.N.Y. June 23, 1995)); accord Stair v. Calhoun, 722 F. Supp. 2d 258, 268 (E.D.N.Y. 2010); Lai Ling Cheng v. Modansky Leasing Co., 73 N.Y.2d 454, 457–58 (1989). The attorney is entitled to recover this amount regardless of "whether that be more or less than the amount provided in the contract or retainer agreement." Lai Ling Cheng, 73 N.Y.2d at 457–58. When determining the proper amount of a lien, courts generally consider "the time reasonably required to perform the services rendered, the quality of performance rendered by counsel, the amount at issue in the case, the qualifications of counsel, and the results of his performance." Gumowitz, 1995 WL 375882, at *1.

Plaintiff's counsel argues that the amount of the charging lien should be fixed at $39,306.98. ECF No. 103 at 11. In support of this contention, counsel submits time records for the three attorneys who worked on the case and a list of costs incurred in the litigation. ECF Nos. 103-1, 103-2. According to these records, Plaintiff's counsel incurred $37,980.00 in attorneys' fees and $1,326.98 in costs. Id. This case lasted for over two years and involved a great deal of work by Plaintiff's counsel. Among other things, counsel drafted the pleadings, conducted extensive fact investigation and discovery, drafted and responded to dispositive motions, engaged in settlement negotiations, and prepared the case for trial. Id. It appears that most of the tasks Plaintiff's counsel performed were necessary to prosecute this action.

On the other hand, many of the entries in counsel's time records have vague descriptions, and the time records include entries using a practice known as "block billing," whereby different tasks are grouped into a single time entry. These billing practices make it difficult for the Court to assess whether all of the tasks performed were reasonably required and whether individual tasks were performed in a reasonable amount of time. When parties submit vague and block-billed time records, courts frequently apply across-the-board percentage reductions to the requested attorneys' fees. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983); Skanga Energy & Marine Ltd. v. Arevenca S.A., No. 11-CV-4296 (DC)(DF), 2014 WL 2624762, at *3 (S.D.N.Y. May 19, 2014); Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic, No. 10-CV-05256 (KMW)(DF), 2012 WL 5816878, at *10 (S.D.N.Y. Nov. 14, 2012); Gonzalez v. Bratton, 147 F. Supp. 2d 180, 213 (S.D.N.Y. 2001). In this case, the attorneys' fees are reduced by 20% to account for the vague entries and block billing.

Applying a 20% reduction in fees, the reasonable value of counsel's legal services was $30,384. Plaintiff's counsel is also entitled to $1,326.98 in costs. Therefore, the charging lien is fixed at $31,710.98. As discussed above, however, a charging lien "attaches to the amount agreed upon in settlement." Fischer-Hansen, 173 N.Y. at 502; see In re Rosenman & Colin, 850 F.2d 57, 61 (2d Cir. 1988) (noting that an "attorney may collect out of funds or property he obtains on behalf of his client"); Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York, 754 N.Y.S.2d 220, 224 (1st Dep't 2002) (noting that "the charging lien is a specific attachment to the funds which constitute the client's recovery"). Thus, Plaintiff's counsel cannot enforce a lien in excess of the sum Defendants paid Plaintiff when the parties privately settled the case. At this time, Plaintiff's counsel is awarded $15,000, which may be recovered from Plaintiff and Defendants jointly and severally. If Plaintiff receives additional settlement payments or recovers additional amounts in connection with her claims in this action, Plaintiff's counsel may seek to enforce uncollected portions of the lien.

## CONCLUSION

For the foregoing reasons, Plaintiff's counsel's motion to fix and enforce a charging lien is GRANTED in part and DENIED in part. The Clerk of Court is respectfully directed to enter judgment in the amount of $15,000 in favor of Plaintiff's counsel, the Law Office of Justin A. Zeller, P.C., and against Plaintiff Fortunata Liana Ie and Defendants Ageha Japanese Fusion, Inc. and Chun Yong Chen, jointly and severally. The Clerk of Court is also requested to terminate the motion at ECF No. 102.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    April 2, 2018
          New York, New York