USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/11/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

FORTUNATA LIANA IE,

                               Plaintiff,

                 -against-

AGEHA JAPANESE FUSION, INC., et al.,

                               Defendants.

-----------------------------------------------------------------X

15-CV-63 (JGK)(SN)

**OPINION AND ORDER**

**SARAH NETBURN, United States Magistrate Judge**:

On April 2, 2018, upon motion from plaintiff counsel, the Court entered judgment to fix and enforce a charging lien against Plaintiff and Defendants Ageha Japanese Fusion, Inc. and Chun Yong Chen. ECF No. 107. On April 18, 2018, Defendants moved to reconsider, asserting that the Court overlooked certain facts and law in arriving at its decision.

## BACKGROUND

In 2015, Plaintiff brought this action alleging that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law. ECF No. 1. On the eve of trial, plaintiff counsel moved for a continuance principally because he was unable to communicate with his client. ECF No. 86. In opposition, defense counsel informed the Court that, without notifying their counsel, "Defendants have settled this lawsuit with the Plaintiff . . . [b]y paying $15,000 in cash to the Plaintiff." ECF No. 91. Shortly thereafter, Judge Koeltl ordered a conference to discuss how to proceed without participation by the plaintiff. ECF No. 105. At the hearing, Defendants urged the Court to approve the settlement, or in the alternative, dismiss without prejudice, while plaintiff counsel sought leave to continue discovery. Judge Koeltl noted the

tension between the Court of Appeals' decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), which requires the district court to review settlements of claims brought under FLSA, and the reality that the settlement was essentially unreviewable due to the noncooperation of Plaintiff. In effort to navigate these concerns, he dismissed the action without prejudice for failure to prosecute. He then referred plaintiff counsel's motion to enforce a charging lien to me.

Upon referral, the Court set a briefing schedule for the motion for a charging lien and advised all parties that the Court may decide the motion on solely on the written submissions. ECF No. 101. The Court, however, invited the parties to request an evidentiary by identifying the nature of the evidence and witness testimony that the party sought to put before the Court. The parties declined that opportunity and made their arguments by submission. ECF Nos. 102-104.

In opposition to the imposition of a charging lien, the defendants argued generally that (1) plaintiff's counsel was discharged for cause and therefore not entitled to a charging lien; (2) no lien could attach to the $15,000 because plaintiff's claims were not "extinguished" by the dismissal with prejudice for failure to prosecute; and (3) there was no settlement of the claims because Judge Koeltl could not approve the FLSA settlement without the plaintiff's participation. See generally ECF No. 104. The Court rejected these arguments and entered judgment enforcing a charging lien in the amount of $15,000 against Plaintiff and Defendants jointly and severally. Opinion & Order, ECF No. 107. Defendants move for reconsideration of that decision. ECF No. 108.

**LEGAL STANDARD**

A motion for reconsideration under Local Civil Rule 6.3 is governed by the same standard as Federal Rules of Civil Procedure 59(e) and 60(b). In re Facebook, Inc., IPO Sec. &

Derivative Litig., 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC, 841 F.3d 122 (2d Cir. 2016). This standard is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Alternatively, the Court will deny a motion for reconsideration unless the moving party demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Facebook, 43 F. Supp. at 373 (quoting Schoolcraft v. City of New York, 298 F.R.D. 134, 136 (S.D.N.Y. 2014)).

The Court should endeavor to construe Local Civil Rule 6.3 narrowly to ensure that the motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (quotations omitted). Further, a "motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001).

## DISCUSSION

Defendants maintain that the Court's prior opinion erred in two central respects. First, they contend that the Court misread the body of law governing the enforcement of charging liens against a third party. Second, they rehash their arguments regarding the absence of a settlement. As to this second argument, the Court has already addressed these contentions and there is no basis to reargue. See Opinion & Order at 4-5. With respect to defendants' first ground for reconsideration, these procedural arguments were not raised previously, and are further without merit or otherwise waived.

3

For the first time on this motion for reconsideration, defendants argue that, to assert any lien against the defendants, plaintiff's counsel was obligated to commence a separate action. Defendants contend that the summary proceeding authorized by section 475 of the Judiciary Law is available only to disputes between attorney and client. Plaintiff's counsel, however, cites case law that indicates that a court may enforce a lien against a third party so long as the amount due is undisputed. In their reply, Defendants argue that the amount of the charging lien *is* disputed.

The Opinion & Order provided an overview of New York law on charging liens. To recap, "[t]he [charging] lien is predicated on the idea that the attorney has by his skill and effort obtained the judgment, and hence 'should have a lien thereon for his compensation, in analogy to the lien which a mechanic has upon any article which he manufactures.'" Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York, 302 A.D.2d 183, 187 (1st Dep't App. Div. 2002) (quoting Williams v. Ingersoll, 89 N.Y. 508, 517 (1882)) (alterations in original). A charging lien "applies only to the proceeds obtained from a particular litigation and may be enforced only to obtain the reasonable value of the attorney's services and disbursements in connection with that litigation." Kaplan v. Reuss, 113 A.D.2d 184, 186 (1985), aff'd, 68 N.Y.2d 693 (1986). Thus, "[i]n the event of settlement, the attorney's lien attaches to the fund representing the cause of action extinguished by the settlement." In re Shirley Duke Assocs., 611 F.2d 15, 18 (2d Cir. 1979). And, "where a defendant settles with a plaintiff without making provision for the fee of the plaintiff's attorney, that attorney can in a proper case proceed directly against the defendant pursuant to section 475." Chesley v. Union Carbide Corp., 927 F.2d 60, 67 (2d Cir. 1991). Further, "[t]he lien which attaches in the attorney's favor cannot be impaired by a collusive settlement." Haser v. Haser, 271 A.D.2d 253, 255 (1st Dep't App. Div. 2000).

New York Judiciary Law § 475 (and its predecessor § 66) codified the charging lien available to attorneys at common law. Mura v. Mura, 128 A.D.3d 1344, 1345–46 (4th Dep't App. Div. 2015). In addition, the statute liberalized the procedure for enforcing the lien by allowing counsel to petition the Court summarily for the requested relief rather than commencing a new action. Fischer-Hansen v. Brooklyn Heights R. Co., 173 N.Y. 492, 497, 66 N.E. 395 (1903) ("In 1899 the section was further amended by making it apply to a special proceeding, extending the lien to a claim as well as a cause of action and a counterclaim and providing a remedy to determine and enforce the lien upon the petition of either attorney or client . . . .").

The parties dispute whether this summary procedure applies to the enforcement of charging liens asserted outside of the attorney-client relationship. Plaintiff counsel points to a New York Supreme Court case that explained that "where there is no dispute [over facts], 'it becomes immaterial whether the proceeding takes the form strictly of an action to enforce a lien or of the simpler petition described by Judiciary Law, section 475.'" In re Jacobs, 169 Misc. 893, 897 (N.Y. Sup. Ct. 1938) (quoting Freedman v. Kahn, 172 N.Y.S. 98, 98 (1st Dep't App. Div. 1918)); see also In re Salant, 158 A.D. 697, 699–700 (1st Dep't App. Div. 1913), aff'd, 210 N.Y. 622 (1914). ("If the attorney seeks to enforce his lien against a third party, except when the amount due is beyond dispute, he must proceed to foreclose his lien otherwise.").

Defendants, on the other hand, cite cases that indicate that enforcement actions against third parties may never be granted summarily. See, e.g., Rochfort v. Metro. St. Ry. Co., 50 A.D. 261, 264–65, 63 N.Y.S. 1036 (1st Dep't App. Div. 1900) ("[T]he proper practice is that an attorney's lien as against a defendant not his client must be enforced by action and not by motion."); Rebmann v. Wicks, 259 A.D.2d 972, 973 (4th Dep't App. Div. 1999) ("[A]n attorney must commence a separate action to enforce the lien against third parties who are not his or her

clients.") Defendants further argue that even if plaintiff counsel's view of the law is correct, the fact that there is a factual dispute about the existence of a settlement and the quantum of harm means that a summary decision was inappropriate.

As a threshold matter, Defendants never cited any relevant case law or otherwise advanced this argument in their opposition to plaintiff's motion. Indeed, a large portion of their argument is made for the first time in their *reply* brief on their motion for *reconsideration*. For that reason alone, the Court would be well within its discretion to deny Defendants' motion. Banco de Seguros Del Estado v. Mut. Marine Offices, Inc., 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002), aff'd sub nom. Banco de Seguros del Estado v. Mut. Marine Office, Inc., 344 F.3d 255 (2d Cir. 2003) (internal formatting and citations omitted) (holding that a motion for reconsideration is only "appropriate where a court overlooks controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, might have reasonably altered the result before the court").

Further, plaintiff counsel has the better reading of the case law. This conclusion is consistent with the "remedial" character of the statute, which "should be construed liberally in aid of the object sought by the legislature, which was to furnish security to attorneys by giving them a lien upon the subject of the action." Fischer-Hansen v. Brooklyn Heights R. Co., 173 N.Y. 492, 499 (1903). Thus, an attorney may enforce a lien against a third party by summary proceeding where the amount due is beyond dispute.

But the Court already found that no facts were in dispute. Defendants' argument that there was no settlement directly contradicts their earlier representation that the parties had settled. ECF No. 93, Ltr. from Ageha to Court ("Defendant tendered $15,000 cash to Plaintiff as settlement in full of all claims, costs, and fees."). The Court will not allow Defendants to take

contradictory positions on the underlying facts based on how they affect their legal arguments. Further, Defendants provide no basis for the contention that plaintiff counsel was fired for cause other than speculation. As mentioned earlier, Defendants were afforded the opportunity for an evidentiary hearing to ascertain any relevant facts concerning Plaintiff's attorney-client relationship but declined to do so. Finally, in their *reply* brief on their motion for *reconsideration*, Defendants dispute for the first time the reasonableness of plaintiff counsel's fees. Defendants, however, have been given numerous opportunities to raise such a challenge and are deemed to have forfeited their opportunity to do so now. The Court invited the parties to request an evidentiary hearing, but neither did. Thus, the facts offered by plaintiff's counsel are conceded. Accordingly, the Court's prior findings stand. See In re Jacobs, 169 Misc. 893, 9 N.Y.S.2d 206, 210 (N.Y. Sup. Ct. 1938) (enforcing plaintiff's counsel's lien against defendant by summary proceeding and deeming facts "conceded" where defendant raised no objection to counsel's affidavits).

## CONCLUSION

Defendants' motion for reconsideration is DENIED. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 108.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     October 11, 2018
                New York, New York